86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha Lorena MIRANDA-ALMENDAREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70908.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.*
Decided May 23, 1996.
 
 Before: ALARC ON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha Lorena Miranda-Almendarez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of an appeal from the denial by an immigration judge (IJ) of her applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a), 1253(h). We deny the petition for review.
 
 
 3
 * Miranda contends that the IJ erred in concluding that she had not suffered past persecution sufficient to establish eligibility for asylum under 8 U.S.C. § 1158(a).[1] We disagree.
 
 
 4
 Under § 1158(a), an alien "may be granted asylum in the discretion of the Attorney General" if that alien is found to be a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). That section, in turn, requires that a refugee demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "Eligibility for asylum may be based on past persecution alone." Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (citation omitted).
 
 
 5
 Miranda's primary contention is that the IJ erred in failing to consider the cumulative effect of the incidents she described. See Samimi v. INS, 714 F.2d 992, 995 (9th Cir.1983) (noting that even if, taken individually, an alien's claims do not make out a prima facie case for a motion to reopen, the claims may be sufficient when considered cumulatively). We are not convinced, however, that the IJ failed to consider Miranda's claims cumulatively. After recounting in great detail Miranda's various claims, the IJ concluded that "[t]he Sandinistas have shown no inclination to punish this respondent for her race or her religion or for her membership in any particular social group or political opinion." The IJ did not err.[2]
 
 II
 
 6
 Miranda contends that even if she failed to demonstrate past persecution, the IJ nonetheless erred in concluding that she was not entitled to asylum based on a "well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). The gist of her argument is that the IJ did not take into account the testimony of William Ratliff. Although the IJ's opinion does not refer specifically to Ratliff's testimony, this does not mean that the IJ did not consider it. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1428 (9th Cir.1994) (noting that where certain reports were not mentioned in the opinion, but "the Board considered and rejected the broad argument in which they were discussed[,].... [i]t is most reasonable to conclude that the Board took notice of the reports, but found them unpersuasive"), overruled in part on other grounds by Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc). The evidence Miranda presented was not such that a reasonable factfinder would be compelled to find the requisite fear of persecution. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).[3]
 
 III
 
 7
 Miranda also seeks withholding of deportation under 8 U.S.C. § 1253(h), which requires that the alien demonstrate a "clear probability of persecution." Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (citations omitted). "A 'clear probability' means that the applicant will more likely than not be persecuted if deported[;] [t]his is a more stringent standard than the 'well-founded fear' standard" required for asylum. Id. (citations omitted). Having failed to meet the less stringent test for asylum, Miranda necessarily fails to meet the test for withholding of deportation. Id.
 
 IV
 
 8
 Miranda seeks attorney's fees under 28 U.S.C. § 2412(d), but since Miranda is not the prevailing party, § 2412(d) does not apply.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Because the BIA did not independently review [Miranda's] case and instead adopted the IJ's opinion, we review the decision of the IJ." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995) (citing Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993))
 
 
 [2]
 Similarly, given the IJ's detailed discussion of Miranda's claims, we find no support for her contention that the IJ denied her "a determination based upon the probability of persecution of [herself], not of others." Kovac v. INS, 407 F.2d 102, 105 (9th Cir.1969) (citation omitted)
 
 
 [3]
 Miranda also asks us to take judicial notice of the Department of State's Country Reports on Human Rights Practices for 1993, but we are precluded from doing so where, as here, the information is "not part of the administrative record [and] not previously submitted to the Board." Fisher, 79 F.3d at 963